**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DALLAS DEAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil No.  **4:21-CV-510** |
| | § | |
| **MATRIX WARRANTY SOLUTIONS,** | § | |
| **INC.** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT MATRIX WARRANTY SOLUTIONS, INC.'S
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Jeff Whitfield
State Bar No. 24060825
jeff.whitfield@kellyhart.com
**KELLY HART &HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: 817-332-2500
Telecopier: 817-878-9280

**ATTORNEYS FOR DEFENDANT
MATRIX WARRANTY SOLUTIONS, INC.**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................ii

STATEMENT OF NATURE AND STAGE OF PROCEEDING .................................. 1

STATEMENT OF THE ISSUES .................................................................................. 1

I.     INTRODUCTION ............................................................................................. 1

II.    STATEMENT OF FACTS ................................................................................ 3

III.   LEGAL STANDARD ....................................................................................... 3

       A.     Rule 12(b)(1) ......................................................................................... 3

       B.     Rule 12(b)(6) ......................................................................................... 4

IV.    ARGUMENT .................................................................................................... 5

       A.     Count I of the Complaint Must Be Dismissed Because This Court Lacks Subject Matter Jurisdiction. ........................................................ 5

              1.     The Supreme Court Holds the TCPA Unconstitutional, but Severs the Government-Backed Debt Exemption. ...................... 6

              2.     The Court Does Not Reach a Majority on Liability for Pre-Severance Calls. ........................................................................ 7

              3.     The TCPA Was Unconstitutional When the Alleged Calls Were Made. . 10

       B.     The Complaint Must be Dismissed in its Entirety for Failure to State a Claim. .. 14

V.     CONCLUSION ............................................................................................... 18

CERTIFICATE OF SERVICE .................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                  **<u>Page(s)</u>**

*Abramson v. Fed. Ins. Co.*,
  Case No. 8:19-cv-2523-T-60AAS, 2020 U.S. Dist. LEXIS 232937
  (M.D. Fla. Dec. 11, 2020) ............................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................2, 4, 5, 14, 16

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
  459 U.S. 519 (1983) ......................................................................................................5

*Augustin v. Santander Consumer USA, Inc.*,
  43 F. Supp. 3d 1251 (M.D. Fla. 2012) .........................................................................15

*Bank v. Vivint Solar, Inc.*,
  No. 18-CV-2555 (MKB), 2019 U.S. Dist. LEXIS 30638 (E.D.N.Y. Feb. 25, 2019)..............15

*Barr v. American Association of Political Consultants, Inc.*,
  140 S. Ct. 2335 (2020) .....................................................................1, 6, 7, 11, 12, 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................2, 5, 16

*Bell v. Hood*,
  327 U.S. 678 (1946) ....................................................................................................4

*Bohall v. United States*,
  602 F. Supp. 2d 187 (D.D.C. 2009) .............................................................................18

*Boisvert v. Carnival Corp.*,
  No. 8:20-cv-2076-30SPF, 2021 U.S. Dist. LEXIS 47397 (M.D. Fla. Mar. 12, 2021) .............6

*Charvat v. GVN Mich., Inc.*,
  531 F. Supp. 2d 922 (S.D. Ohio 2008) .........................................................................17

*City of Springfield, Massachusetts v. Kibbe*,
  480 U.S. 257 (1987)......................................................................................................12

*Creasy v. Charter Commc'ns, Inc.*,
  489 F. Supp. 3d 499 (E.D. La. 2020).........................................6, 8, 10, 11, 12, 13, 14

*Cunningham v. Health Plan Intermediaries Holdings, LLC*,
  No. 8:18-cv-919-T-24TGW, 2018 U.S. Dist. LEXIS 226747 (M.D. Fla. Aug. 23, 2018)......15

*Cunningham v. Matrix Fin. Servs.*,
    Civil Action No. 4:19-cv-896, 2021 U.S. Dist. LEXIS 62875
    (E.D. Tex. Mar. 31, 2021)......................................................................6, 7, 8, 10, 12, 13

*Ex parte Siebold*,
    100 U.S. 371 (1880)........................................................................................4, 8, 11

*Facebook, Inc. v. Duguid*,
    141 S. Ct. 1163 (2021)............................................................................................16

*Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*,
    561 U.S. 477 (2010).................................................................................................7

*Grayned v. City of Rockford*,
    408 U.S. 104 (1972).................................................................................................9

*Hicks v. Alarm.com Inc.*,
    Civil Action No. 1:20-cv-532, 2020 U.S. Dist. LEXIS 157433 (E.D. Va. Aug. 6, 2020).......16

*Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*,
    Case No. 5:20-cv-38-Oc-30PRL, 2020 U.S. Dist. LEXIS 236577
    (M.D. Fla. Dec. 11, 2020)..........................................................6, 8, 10, 11, 12, 14

*In re Dish Network, LLC*,
    28 FCC Rcd. 6574 (2013).......................................................................................14

*Johansen v. Vivant, Inc.*,
    2012 U.S. Dist. LEXIS 178558 (N.D. Ill. Dec. 18, 2012)......................................16

*Knutson v. Reply!, Inc.*,
    2011 U.S. Dist. LEXIS 7887 (S.D. Cal. Jan. 27, 2011)..........................................16

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994).................................................................................................3

*Lindenbaum v. Realgy, LLC*,
    CASE NO.1:19 CV 2862, 2020 U.S. Dist. LEXIS 201572
    (N.D. Ohio Oct. 29, 2020) ..........................................................6, 8, 10, 11, 12, 14

*Marbury v. Madison*,
    5 U.S. 137 (1803)..................................................................................................2, 11

*Marks v. United States*,
    430 U.S. 188 (1977)...............................................................................................12

*Mestas v. CHW Grp. Inc.*, No. 19-CV-792 MV/CG, 2020 U.S. Dist. LEXIS 236357
    (D.N.M. Dec. 16, 2020) ........................................................................................14

*Montgomery v. Louisiana*,
 136 S. Ct. 718 (2016) ............................................................................4, 8, 9, 10, 11

*Murphy v. DCI Biologicals Orlando, LLC*,
 No. 6:12-cv-1459-Orl-36KRS, 2013 U.S. Dist. LEXIS 181732 (M.D. Fla. Dec. 31, 2013)...17

*Pershing, LLC v. Kiebach*,
 819 F.3d 179 (5th Cir. 2016) ...................................................................................4

*Reynoldsville Casket Co. v. Hyde*,
 514 U.S. 749 (1995) (Scalia, J., concurring) .........................................................8

*SEC v. Med. Comm. for Human Rights*,
 404 U.S. 403 (1972)..................................................................................................4

*Seila Law LLC v. CFPB*,
 140 S. Ct. 2183 (2020) (Thomas, J., concurring in part and dissenting in part)......................7

*Sessions v. Morales-Santana*,
 137 S. Ct. 1678 (2017) ............................................................................................9

*Shen v. Tricolor Cal. Auto Grp., LLC*,
 CV 20-7419 ..............................................................................................................6

*Trujillo v. Free Energy Sav. Co.*,
 Case No. 5:19-cv-02072-MCS-SP, 2020 U.S. Dist. LEXIS 239730
 (C.D. Cal. Dec. 21, 2020) ........................................................................................6

*Trumper v. GE Capital Retail Bank*,
 79 F. Supp. 3d 511 (D.N.J. 2014) ..........................................................................16

*United States v. Baucum*,
 80 F.3d 539 (D.C. Cir. 1996) ....................................................................4, 8, 9, 11

*United States v. Stroke*,
 No. 14-CR-45S, 2017 U.S. Dist. LEXIS 94776 (W.D.N.Y. June 20, 2017)............................9

*Waldron v. United States*,
 146 F.2d 145 (1944)................................................................................................10

## Statutes

47 U.S.C. § 227(b)(1)(A)(iii) ..........................................................................................1

47 U.S.C. § 227(c)(5)......................................................................................................17

U.S. Const. Article III, § 2, cl. 1 .....................................................................................3

**<u>Other Authorities</u>**

*Barr v. Am. Ass'n of Pol. Consultants*,
 Case No. 19-631, https://www.supremecourt.gov/docket/docketfiles/html/qp/19-00631qp.pdf
 (last visited May 3, 2021) ......................................................................................................12

Ryan C. Williams, *Questioning Marks: Plurality Decisions and Precedential Constraint*, 69
 Stan. L. Rev. 795, 798 (2017) ...............................................................................................12

## STATEMENT OF NATURE AND STAGE OF PROCEEDING

Plaintiff Dallas Dean filed his Complaint in this matter on February 16, 2021.  Defendant Matrix Warranty Solutions, Inc. now files its Motion to Dismiss upon the grounds set forth below.

## STATEMENT OF THE ISSUES

1. Whether the Court should dismiss Count I of Plaintiff's Complaint for all alleged calls made in violation of 47 U.S.C. § 227(b)(1)(A)(iii) that occurred prior to the Supreme Court's ruling in *Barr v. American Association of Political Consultants* on July 6, 2020 because the Telephone Consumer Protection Act's automated-calling prohibition, upon which these counts are based, was unconstitutional and therefore unenforceable at the time of the alleged violations.

2. Whether the Court should dismiss Plaintiff's Complaint in its entirety for failing to state any plausible claim for violations of the Telephone Consumer Protection Act or the Texas Business & Commerce Code.

Defendant Matrix Warranty Solutions, Inc. ("Matrix"), by and through undersigned counsel, respectfully submits this Motion to Dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in support of its motion, states as follows:

## I.    INTRODUCTION

This Court lacks subject-matter jurisdiction over Count I of Plaintiff Dallas Dean's Complaint, ECF No. 1.  Count I of the Complaint alleges violations of the automated-call provision of the Telephone Consumer Protection Act ("TCPA").  But on July 6, 2020, in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) ("*AAPC*"), the Supreme Court held that the TCPA's automated-calling prohibition—the very statutory provisions upon which Plaintiff's Count I is based—was an unconstitutional, content-based restriction on speech.  It addressed the law's unconstitutional condition by prospectively severing the exemption that Congress had created for the government's own federal-debt-collection-related calls.  Thus, the TCPA's automated-call prohibition was unconstitutional—and thus a

void, unenforceable law—from the enactment of the government-debt exemption in 2015 until the Supreme Court's severance became operative in July 2020.

The calls at issue in this case appear to have occurred during the time period before *AAPC* rendered the automated-call prohibition of the TCPA constitutional again, at least for automated and/or prerecorded-voice calls to cell phones, on July 6, 2020.[1]  Thus, all of the calls at issue in Plaintiff's Complaint occurred while the TCPA's autodialed-call prohibition to cell phones was effectively void.  The Plaintiff is therefore attempting to recover with Count I under a law that the Supreme Court has declared was unconstitutional before July 6, 2020, which Plaintiff cannot do.  The provenance of this rule is unassailable.  "An act of congress repugnant to the constitution cannot become a law."  *Marbury v. Madison*, 5 U.S. 137, 138 (1803).  This Court should therefore dismiss Count I of Plaintiff's Complaint because it simply cannot entertain Plaintiff's claims under a statute that the Supreme Court has held was unconstitutional when the calls were made.

Even if this Court could hear claims under Count I, the Court should dismiss Plaintiff's Complaint in its entirety for its failure to plausibly state any claims against Matrix.  The two sentences of "factual allegations" in the cookie-cutter Complaint are the threadbare "defendant-unlawfully-harmed-me accusations" of the type that fail to meet the Supreme Court's pleading standard set forth in *Iqbal* and *Twombly*.  Plaintiff's Complaint lacks any substance other than unsupported, conclusory statements that merely recite the elements of his claim.  He provides no details regarding the alleged calls at issue that plausibly support that Matrix violated the TCPA

---

[1]  While the Complaint is bereft of any details regarding the date the alleged calls occurred, based on information provided by counsel for Plaintiff, all calls allegedly at issue here occurred before *AAPC* was issued in July 2020. Thus, Matrix bases its analysis regarding subject matter jurisdiction over Count I on the understanding that the alleged calls occurred during that time period.

or the Texas Business & Commerce Code.  Accordingly, the Court should dismiss Plaintiff's factually deficient Complaint for failure to state a claim.

## II.      STATEMENT OF FACTS

1.      Plaintiff filed this action for damages, claiming that Matrix violated the Telephone Consumer Protection Act ("TCPA") and Texas Business & Commerce Code when it allegedly made calls to his cell phone, using what Plaintiff claims was an automatic telephone dialing system.  [Complaint ¶¶ 21-42].

2.      However, the Complaint is devoid of any factual support for these claims.  The entirety of the "factual allegations" Plaintiff cites are that "Defendant placed calls to Plaintiff on his cellular telephone numbers on [*sic*] for solicitation purposes.  Defendant was calling Plaintiff to sell him an automobile warranty."  [Complaint ¶¶ 11-12].

3.      Defendant does not provide any details whatsoever regarding the date, times, or content of the alleged calls to plausibly support that it was in fact Matrix that initiated the calls at issue (which Matrix knows with certainty is *not* the case because it makes no outbound telemarketing calls whatsoever).  And while Plaintiff claims that he received calls to phone numbers listed on the National Do Not Call Registry, he does not allege that he received more than one call to either telephone number within a 12-month period.  [Complaint ¶¶ 16-17, 35].

## III.     LEGAL STANDARD

### A.      Rule 12(b)(1).

Motions filed under Rule 12(b)(1) allow a party to challenge a court's subject matter jurisdiction.  Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The Constitution limits the federal judicial power to designated "cases" and "controversies."  U.S. Const. art. III, § 2, cl. 1.  Thus, "[i]t is well settled that federal courts

may act only in the context of a justiciable case or controversy." *SEC v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972) (quoting *Benton v. Maryland*, 395 U.S. 784, 788 (1969)).  The Supreme Court has long held that "if . . . laws are unconstitutional and void, the [federal court has] no jurisdiction of the causes." *Ex parte Siebold*, 100 U.S. 371, 377 (1880); *see also Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) (voiding sentence under unconstitutional law because state was deprived of authority to impose it); *United States v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]").

When a defendant challenges a plaintiff's standing to bring suit, the Court should first consider whether it has jurisdiction pursuant to Rule 12(b)(1) before it considers the substantive merits of a pleading pursuant to Rule 12(b)(6).  *Bell v. Hood*, 327 U.S. 678, 682 (1946).  "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Pershing, LLC v. Kiebach*, 819 F.3d 179, 181 (5th Cir. 2016) (quoting *Kokkonen*, 511 U.S. at 377).

**B.      Rule 12(b)(6).**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8.  *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the…law[] in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## IV.    ARGUMENT

### A.    Count I of the Complaint Must Be Dismissed Because This Court Lacks Subject Matter Jurisdiction.

In *AAPC*, the Supreme Court held that the TCPA's autodialer restriction, as written, was an unconstitutional, content-based suppression on speech. As a remedy, the Court prospectively severed the government-backed debt exception, but left the remainder of the TCPA intact. That is, the Supreme Court severed the government-backed debt exception from section 227(b)(1)(A)(iii) on a going-forward basis. Thus, for all calls alleged prior to the *AAPC* ruling on July 6, 2020, the TCPA's restriction on automated calls was an unconstitutional, content-based restriction on speech. Count I, which alleges violations of section 227(b)(1)(A)(iii) for

calls prior to *AAPC*'s severance, must therefore be dismissed, as it seeks to recover damages under a law that violated the First Amendment at the time of the calls at issue. *See generally Creasy v. Charter Commc'ns, Inc.,* 489 F. Supp. 3d 499 (E.D. La. 2020); *Lindenbaum v. Realgy, LLC*, CASE NO.1:19 CV 2862, 2020 U.S. Dist. LEXIS 201572, at *6 (N.D. Ohio Oct. 29, 2020); *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, Case No. 5:20-cv-38-Oc-30PRL, 2020 U.S. Dist. LEXIS 236577, at *8 (M.D. Fla. Dec. 11, 2020); *Cunningham v. Matrix Fin. Servs.*, Civil Action No. 4:19-cv-896, 2021 U.S. Dist. LEXIS 62875 (E.D. Tex. Mar. 31, 2021).[2]

### 1. The Supreme Court Holds the TCPA Unconstitutional, but Severs the Government-Backed Debt Exemption.

In *AAPC*, the Supreme Court held that the TCPA violates the First Amendment, because it discriminates against speech based on its content. *Barr v. Am. Ass'n of Pol. Consultants*, 140 S. Ct. 2335, 2346 (2020) ("The initial First Amendment question is whether the robocall restriction, with the government-debt exception, is content-based. The answer is yes."). Specifically, the Court held that the government-backed debt exception—added in 2015—treated speech to collect a debt issued or guaranteed by the federal government more favorably than other forms of speech. *Id.* at 2347. As a remedy, however, the Court severed the government-backed debt exemption on a prospective basis. *See id.* at 2343 ("[S]even members of the Court conclude that the entire 1991 robocall restriction should not be invalidated, but rather that the

---

[2] Matrix recognizes that other post-*AAPC* decisions have rejected the holdings in *Creasy*, *Lindenbaum*, *Hussain*, and *Cunningham*. *See, e.g., Boisvert v. Carnival Corp.*, No. 8:20-cv-2076-30SPF, 2021 U.S. Dist. LEXIS 47397, at *4-5 (M.D. Fla. Mar. 12, 2021); *Trujillo v. Free Energy Sav. Co.*, Case No. 5:19-cv-02072-MCS-SP, 2020 U.S. Dist. LEXIS 239730, at *12 (C.D. Cal. Dec. 21, 2020); *Shen v. Tricolor Cal. Auto Grp., LLC*, CV 20-7419 PA (AGRx), 2020 U.S. Dist. LEXIS 237582, at *12 (C.D. Cal. Dec. 17, 2020); *Abramson v. Fed. Ins. Co.*, Case No. 8:19-cv-2523-T-60AAS, 2020 U.S. Dist. LEXIS 232937, at *3 (M.D. Fla. Dec. 11, 2020). However, these non-binding decisions either fail to properly analyze the key issue of retroactive application (*e.g.*, *Boisvert* and *Abramson*) or appear to follow appellate precedent not applicable here (*e.g.*, *Trujillo* and *Shen*). The Court should decline to follow the untenable reasoning set forth in any such non-binding authority.

2015 government-debt exception must be invalidated and severed from the remainder of the statute.").

Importantly, the reason there can be no liability under the TCPA's robocalling prohibition while the government-debt exemption was in place is that it is not the government-debt exemption alone that was unconstitutional; rather, section 227(b)(1)(A)(iii) *in its entirety*—the combination of the general auto dialer restriction and the government-debt exemption—was the content based-restriction on speech that *AAPC* found unconstitutional.   *See, e.g.*, *Cunningham*, 2021 U.S. Dist. LEXIS 62875, at *7-8 (citing *AAPC*, 140 S. Ct. at 2346).   Neither the general auto dialer restriction enacted with the TCPA's passage in 1991, nor the 2015 government debt exemption are problematic *on their own*.   The First Amendment violation only existed when the two were combined.   *See.*, *e.g.*, *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 509 (2010) (agreeing that "a number of statutory provisions . . . , working together, [can] produce a constitutional violation"); *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2222 (2020) (Thomas, J., concurring in part and dissenting in part) ("In some instances, a constitutional injury arises as a result of two or more statutory provisions operating together.").

### 2.     The Court Does Not Reach a Majority on Liability for Pre-Severance Calls.

Significantly, the Supreme Court did not reach a majority on the effect of severance for calls that took place before it severed the government-backed debt exemption.   Writing for himself and two other justices, Justice Kavanaugh stated in a footnote: "On the other side of the ledger, our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction."   *AAPC*, 140 S. Ct. at 2355 n.12.

But only three justices joined in that footnote.   *Id.*   Moreover, Justices Thomas and Gorsuch stated that it was a mere "suggestion," which does not bind other courts.   *Id.* at 2363, 2366 ("[By] shield[ing] only government-debt collection callers . . . under an admittedly

unconstitutional law," the three justices "wind up endorsing the very same kind of content discrimination" severance is "seeking to eliminate.").

In key decisions addressing this issue post-*AAPC*, the Eastern District of Texas, Eastern District of Louisiana, Northern District of Ohio, and the Middle District of Florida have sided with Justices Thomas and Gorsuch, and held that federal courts do not have subject matter jurisdiction over calls that occurred before the Supreme Court's decision in *AAPC* took effect. *See Creasy*, 489 F. Supp. 3d at 506; *Lindenbaum*, 2020 U.S. Dist. LEXIS 201572, at *6; *Hussain*, 2020 U.S. Dist. LEXIS 236577, at *8; *Cunningham*, 2021 U.S. Dist. LEXIS 62875, at *31.

The Supreme Court has long held that if "the laws are unconstitutional and void, the [federal court has] no jurisdiction of the causes." *Ex parte Siebold*, 100 U.S. 371, 377 (1880); *see also Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) (finding that a sentence imposed under an unconstitutional law is void because the state was deprived of authority to impose it); *United States. v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]"); *see also Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 760 (1995) (Scalia, J., concurring) ("[W]hat a court does with regard to an unconstitutional law is simply to *ignore* it. It decides the case '*disregarding the [unconstitutional] law,*' because a law repugnant to the Constitution 'is void, and is as no law.'" (citation omitted)); *id.* at 759-60 ("A court does not—in the nature of things it *can* not [sic]—give a 'remedy' for an unconstitutional statute, since an unconstitutional statute is not in itself a cognizable 'wrong.'") (emphasis in original).

As relevant here, a speaker should not be punished for engaging in speech that was restricted in an unconstitutional fashion at the time of the speech. *See Grayned v. City of Rockford*, 408 U.S. 104, 107 n.2 (1972) (holding, also with regard to an invalid time-place-manner restriction, that determining the speaker's fate required assessing "the facial constitutionality of the [restriction] in effect" at the time of the speech at issue). It also supports the general rule that "once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)." *Baucum*, 80 F.3d at 540-41 (per curiam).

In *Grayned*, the Supreme Court noted, in a constitutional challenge to a content-based speech restriction, that courts "must consider the facial constitutionality of the ordinance in effect when [the defendant] was arrested and convicted." 408 U.S. at 107 n.2. In other words, the relevant question is whether the statute at issue was constitutional when the alleged violation occurred, not whether it has subsequently been cured by judicial or legislative action. Thus, in this case, the automated-call ban must be assessed when Defendants allegedly committed the violations complained of, which was before July 6, 2020, when the automated-call ban was unconstitutional, as the Supreme Court has now declared. *See Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1699 n.24 (2017) (noting in a majority opinion that a "defendant convicted under a law classifying on an impermissible basis may assail his conviction without regard to the manner in which the legislature might subsequently cure the infirmity."); *United States v. Stroke*, No. 14-CR-45S, 2017 U.S. Dist. LEXIS 94776, at *5-6 (W.D.N.Y. June 20, 2017) ("probable cause cannot rest on a statute that was unconstitutional at the time of an alleged incident").

Similarly, in *Montgomery*, the Supreme Court addressed whether a new constitutional ruling from 2012 interpreting the Eighth Amendment to ban mandatory life sentences for

juvenile homicide offenders must be applied retroactively to a juvenile who had been sentenced to life without parole in 1963. *See* 136 S. Ct. at 723. The Supreme Court concluded the answer is yes: "[a] penalty imposed pursuant to an unconstitutional law is no less void because the prisoner's sentence became final before the law was held unconstitutional. There is no grandfather clause that permits States to enforce punishments the Constitution forbids. To conclude otherwise would undercut the Constitution's substantive guarantees." *Id*. at 731 (citing *United States v. U.S. Coin and Currency*, 401 U.S. 715, 724 (1971) ("No circumstances call more for the invocation of a rule of complete retroactivity" than when "the conduct being penalized is constitutionally immune from punishment.")); *see also Waldron v. United States*, 146 F.2d 145, 147-48 (1944) (vacating judgment against criminal defendant based on violation of unconstitutional statute, explaining "inspection of the record discloses clearly that the court was without jurisdiction to enter the judgment").

### 3.      The TCPA Was Unconstitutional When the Alleged Calls Were Made.

As the courts in *Creasy*, *Lindenbaum*, *Hussain*, and *Cunningham* have held, the TCPA was unconstitutional between the enactment of the government-backed debt exemption in 2015 and when the Supreme Court severed it from section 227(b)(1)(A)(iii) via *AAPC*, issued on July 6, 2020. *Cunningham*, 2021 U.S. Dist. LEXIS 62875, at *30-31 ("[T]he necessary conclusion is that § 227(b)(1)(A)(iii) was unconstitutional from the moment Congress enacted the government-debt exception until the Supreme Court handed down its decision in AAPC. In other words, during that stretch of time, § 227(b)(1)(A)(iii) had no legal effect."); *Creasy*, 489 F. Supp. 3d at 508; *Lindenbaum*, 2020 U.S. Dist. LEXIS 201572, at *6; *Hussain*, 2020 U.S. Dist. LEXIS 236577, at *8.

The reasoning behind this is simple.  A majority of the Supreme Court (six justices) held that the TCPA was unconstitutional as with the inclusion of the government-backed debt

exemption. *Creasy,* 489 F. Supp. 3d at 506. The statute only became constitutional after the Supreme Court's severance of the government-backed debt exemption took effect. *Id.* at 507-08. Thus, claims under § 227(b)(1)(A)(iii) for calls placed between 2015 and at least July 6, 2020— and thus including the calls at issue in Plaintiff's Complaint—were placed when the TCPA's automated-call ban was unconstitutional.[3]

It is axiomatic that a defendant cannot be held liable under an unconstitutional law, and that federal courts lack jurisdiction to enforce unconstitutional statutes.  *Ex parte Siebold*, 100 U.S. 371, 377 (1880); *see also Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) (finding sentence under unconstitutional law is void because state was deprived of authority to impose it); *United States. v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]").  Indeed, as arguably the most significant Supreme Court case in history held, "[a]n act of congress repugnant to the constitution cannot become a law." *Marbury v. Madison*, 5 U.S. 137, 138 (1803).  Thus, as Justices Thomas and Gorsuch observed, it would be highly improper to hold Defendants liable for calls that took place during a period of time in which the TCPA's robocalling provision was unconstitutional.  *AAPC*, 140 S. Ct. at 2365-66.

Footnote 12 of the *AAPC* plurality opinion does not mandate a different result, and is not binding on this Court.  First, it does not command a majority of the Court.  Second, it is dicta.  In fractured opinions such as *AAPC*, "the holding of the Court may be viewed as that position taken

---

[3]  *See id.*; *see also Lindenbaum*, 2020 U.S. Dist. LEXIS 201572, at *18 ("at the time the robocalls at issue in this lawsuit were made, the statute could not be enforced as written. And, a later amendment to a statute cannot be retroactively applied. . . . It would be an odd result to say the least if the judiciary could accomplish by severance that which Congress could not accomplish by way of amendment.") (citation omitted); *Hussain*, 2020 U.S. Dist. LEXIS 236577, at *8 ("Thus, at the time Defendants engaged in the speech at issue in this case, Defendants were subject to an unconstitutional content-based restriction. Because the Court is without authority to enforce an unconstitutional statute, the Court lacks subject matter jurisdiction over this action.").

by those Members who concurred in the judgments on the narrowest grounds[.]"  *Marks v. United States*, 430 U.S. 188, 193 (1977) (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976)).  Thus, in *AAPC*, only the narrowest grounds critical to the decision bind lower courts.  *Id.*; *see also* Ryan C. Williams, *Questioning Marks: Plurality Decisions and Precedential Constraint*, 69 Stan. L. Rev. 795, 798 (2017).

The Plurality in *AAPC* spelled out the "narrowest grounds" that commanded majorities: six members agreed that the TCPA, as written, violated the First Amendment, and seven members agreed that the government-backed debt exception should be severed.  *AAPC*, 140 S. Ct. at 2343.  Those two holdings—and only those two holdings—bind this Court.  *Cunningham*, 2021 U.S. Dist. LEXIS 62875, at \*26-28; *Creasy*, 489 F. Supp. 3d at 505; *Lindenbaum*, 2020 U.S. Dist. LEXIS 201572, at \*18; *Hussain*, 2020 U.S. Dist. LEXIS 236577, at \*7.  Accordingly, because even the *AAPC* Plurality does not contend that its Footnote 12 commanded a majority, it is not precedential.  *Cunningham*, 2021 U.S. Dist. LEXIS 62875, at \*21 ("footnote 12 is unpersuasive").

Second, Footnote 12 is dicta. First, the question of liability for pre-severance calls was not even addressed by lower courts, making it extremely unlikely that the Court even intended to address it. *See City of Springfield, Massachusetts v. Kibbe,* 480 U.S. 257, 259 (1987) (stating that the Supreme Court "ordinarily will not decide questions not raised or litigated in the lower courts.").  Second, the only issues before the Court were whether the government-backed debt exemption rendered the TCPA in violation of the First Amendment, and whether that exemption could be severed to save the statute.  Question Presented, *Barr v. Am. Ass'n of Pol. Consultants*, Case  No.  19-631,  https://www.supremecourt.gov/docket/docketfiles/html/qp/19-00631qp.pdf

(last visited May 3, 2021). The parties to *AAPC* never even briefed or argued whether severance should apply prospectively or retrospectively.

The Supreme Court declared the TCPA's robocall restriction unconstitutional and severed the unconstitutional provision from section 227(b)(1)(A)(iii) on July 6, 2020. Accordingly, all of the calls at issue that took place before that date occurred when the Supreme Court held the TCPA was an unconstitutional, content-based restriction on speech. *See AAPC*, 140 S. Ct. at 2346 (plurality opinion); *id.* at 2356-57 (Sotomayor, J., concurring in the judgment) ("Even under intermediate scrutiny, the Government has not explained how a debt-collection robocall about a government-backed debt is any less intrusive or could be any less harassing than a debt-collection robocall about a privately backed debt."); *id.* at 2364 (Gorsuch, J., concurring in the judgment in part and dissenting in part) ("The statute is content-based because it allows speech on a subject the government favors (collecting its debts) while banning speech on other disfavored subjects (including political matters).").

As section 227(b)(1)(A)(iii) of the TCPA only passed constitutional muster after July 6, 2020, this Court lacks subject matter jurisdiction over all calls alleging such violations prior to that date. Each call—a form of speech—occurred during a time in which the TCPA's autodialed-call prohibition was effectively void. *See Cunningham*, 2021 U.S. Dist. LEXIS 62875, at *28 ("[T]he government-debt exception actually existed 'prior to a determination of unconstitutionality'—a reality that 'has consequences which cannot justly be ignored.'" (quoting *Chicot Cnty. Drainage Dist. v. Baxter St. Bank*, 308 U.S. 371, 374 (1940))); *Creasy*, 489 F. Supp. 3d at 508 ("the unconstitutional amended version of § 227(b)(1)(A)(iii) is what applied to [Defendants] at the time of the challenged communications at issue, and that fact deprives the Court of subject matter jurisdiction to adjudicate [Defendants'] liability with regard to such

communications."); *Lindenbaum*, 2020 U.S. Dist. LEXIS 201572, at *18; *Hussain*, 2020 U.S. Dist. LEXIS 236577, at *8.  Accordingly, Count I should be dismissed.

**B.     The Complaint Must be Dismissed in its Entirety for Failure to State a Claim.**

Even if this Court had jurisdiction over Count I, Plaintiff's Complaint would still have to be dismissed in its entirety for failure to plausibly state a claim for violations of the TCPA or the Texas Business & Commerce Code.  As stated above, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8.  *Id.*  And while the Court must view "well-pleaded facts as true and view all facts in the light most favorable to the plaintiff," it "*must not accord an assumption of truth to conclusory allegations and threadbare assertions.*" *Creasy*, 489 F. Supp. 3d 499, 508 (E.D. La. 2020) (citing *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014)) (emphasis added).  Plaintiff's Complaint lacks any details whatsoever, and contains nothing but implausible conclusory allegations and threadbare assertions of the sort that warrant dismissal.

The potential for direct liability under the TCPA can apply only under certain circumstances, and only to entities that "initiate" the telemarketing calls.  *See In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 ¶ 24 (2013).  "To state a claim under Section 227(b), a plaintiff must allege that (1) the defendant made a telephone call (2) to the plaintiff's cellular phone (3) using 'any automated telephone dialing system or an artificial or prerecorded voice.'" *Mestas v. CHW Grp. Inc.*, No. 19-CV-792 MV/CG, 2020 U.S. Dist. LEXIS 236357, at *16-17 (D.N.M. Dec. 16, 2020) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)).  "[I]n the context of the

pleading requirements for claims brought under both sections 227(b) and 227(c) of the TCPA, it is incumbent upon Plaintiff to provide plausible allegations, at minimum, of the number of calls made, when the calls took place, the subject matter and content of the calls, and the identity of the caller." *Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 8:18-cv-919-T-24TGW, 2018 U.S. Dist. LEXIS 226747, at *5-6 (M.D. Fla. Aug. 23, 2018) (citing *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1254 (M.D. Fla. 2012)).

Plaintiff's factually barren Complaint fails to include these plausible allegations. *See id.* ("The Complaint merely recites the formalistic elements of a TCPA claim for each of his four causes of action[.] It is devoid of plausible allegations of fact regarding the calls[.] Because the Complaint lacks sufficient allegations to draw the reasonable inference that Defendant HPIH is liable for the misconduct alleged, it must be dismissed."); *see also Bank v. Vivint Solar, Inc.*, No. 18-CV-2555 (MKB), 2019 U.S. Dist. LEXIS 30638, at *10 (E.D.N.Y. Feb. 25, 2019) (dismissing TCPA claims because "[plaintiff] provides no details as to the content of the Prerecorded Call from which he could have inferred that it was placed by an agent of [defendant].").

Plaintiff provides no factual support for any of his claims—the *entirety* of the "factual allegations" regarding the calls at issue are contained in two sentences: "Defendant placed telephone calls to Plaintiff on his cellular telephone numbers on [*sic*] for solicitation purposes. Defendant was calling Plaintiff to sell him an automobile warranty." [Complaint ¶¶ 11-12]. The Complaint does not describe when any alleged call occurred, what phone number the calls were received from, or what led him to believe Defendant was responsible for initiating any of the alleged calls (as opposed to, for example, a third party that also sells similar products to those administered by Defendant, or an independent party merely authorized to sell Defendant's and

various other third parties' products).[4]  This is the paradigmatic case of a defective pleading under *Iqbal* and *Twombly*.

Nor does Plaintiff describe the content of any call or give any factual support for his claim that an ATDS or prerecorded message was used, or that Matrix was even the party that initiated any single call at issue here.  Plaintiff's lack of factual support for his ATDS claim is especially egregious given that the Supreme Court recently and unanimously clarified that only very specific equipment qualifies as an ATDS, and the Complaint does not plead any plausible factual support that meets this standard.  *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021) ("This Court must interpret what Congress wrote, which is that 'using a random or sequential number generator' modifies both 'store' and 'produce.'"); *see also Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014) (dismissing TCPA claim for failing to assert facts to support allegations that calls were made using an ATDS or prerecorded voice); *Johansen v. Vivant, Inc.*, 2012 U.S. Dist. LEXIS 178558, at *6 (N.D. Ill. Dec. 18, 2012) (holding that "pleading the use of an ATDS, without providing any other supporting facts," fails Rule 12(b)(6)); *Knutson v. Reply!, Inc.*, 2011 U.S. Dist. LEXIS 7887, at *6 (S.D. Cal. Jan. 27, 2011) ("[T]he complaint gives no details about the manner of the calls except that they were solicitations[.]").

Plaintiff also fails to plausibly assert claims for Do Not Call Registry violations, because in addition to providing no basis for his claim that Defendant actually made the calls at issue, he lists two separate telephone numbers that he claims are listed on the National Do Not Call

---

[4]  Indeed, simply describing what type of product was purportedly offering during the alleged calls as Defendant does without any further support for why that led Plaintiff to conclude Defendant was the party responsible for initiating the call is exactly the type of conclusory allegation that requires dismissal.  *See Hicks v. Alarm.com Inc.*, Civil Action No. 1:20-cv-532, 2020 U.S. Dist. LEXIS 157433, at *11 (E.D. Va. Aug. 6, 2020) (finding that plaintiff's allegations labeling defendant the sender of subject text messages simply because of the service offered in the messages was merely a conclusion and dismissed pursuant to Rule 12(b)(6)).

Registry, but does not allege that either number was called more than a single time within a 12-month period. *See* 47 U.S.C. § 227(c)(5); *see also Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12-cv-1459-Orl-36KRS, 2013 U.S. Dist. LEXIS 181732, at *34 (M.D. Fla. Dec. 31, 2013) (holding that "Plaintiff has failed to allege that he received more than one telephone call within any 12-month period by or on behalf of the same entity [that] violat[ed] . . . the regulations . . .," and dismissing that Section 227(c) claim) (internal quotations omitted); *Charvat v. GVN Mich., Inc.*, 531 F. Supp. 2d 922, 926 (S.D. Ohio 2008) ("the TCPA does not even allow a plaintiff to bring an action for first call violations [of 47 U.S.C. § 227(c)(5)]."). Thus, it is unreasonable to assume that Congress meant for liability to accrue with the first solicitation. Accordingly, the Court dismisses all of Plaintiffs' claims for violations during the First Call").

Likewise, Plaintiff's claim for violation of the Texas Business and Commerce Code are also woefully insufficient, as Plaintiff has not even pleaded sufficient facts to support that Matrix is the party that called him at any point. Plaintiff's two sentences of conclusory allegations certainly do not support his conclusions that Matrix is bound by or violated a Texas statute regulating sellers engaging in the solicitation of goods, or that "Defendant violated [the statute] when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State." [Complaint ¶ 41]. Plaintiff has alleged no facts that support Defendant was required (or failed) to do so. Furthermore, Plaintiff's allegations in this paragraph also seem to allege now that some unnamed "representatives" of Matrix, rather than Matrix, made the call(s) at issue. The factual inconsistencies in Plaintiff's unsupported allegations further demonstrate their implausibility. As do his claims regarding "continuous and repetitive telephone solicitation," when the Complaint

does not contain a single date on which a call occurred.  Plaintiff is again merely reciting the elements of a claim without providing any evidentiary support.

In short, Plaintiff's two sentences of "the-defendant-unlawfully-harmed-me accusation" are the classic threadbare allegations that fail to meet Rule 8's pleading requirements.  Plaintiff's scant conclusions do not even amount to the bare recitations of the elements of the claims he tries to assert, much less rising to the level of rendering it plausible that any conduct of the defendant was "malicious, intentional, willful, reckless, wanton and negligent," as Plaintiff claims.  [Complaint ¶¶ 29, 36]; *see also Bohall v. United States*, 602 F. Supp. 2d 187, 189 (D.D.C. 2009) (dismissing "allegations [that] merely parrot statutory language and do not allege facts sufficient 'to raise a right to relief above the speculative level.'" (quoting *Twombly*, 550 U.S. at 555)).  The Court should therefore dismiss Plaintiff's insufficient Complaint in its entirety for failure to state a claim.

## V.    <u>CONCLUSION</u>

For the reasons set forth above, Defendant Matrix Warranty Solutions, Inc. respectfully moves this Court to enter an Order dismissing Plaintiff Dallas Dean's Complaint for lack of subject-matter jurisdiction over Count I, and dismissing the Complaint in its entirety for failure to state a claim under any of Counts I, II or III, and for such further relief as this Court may allow.

Dated: May 10, 2021                    Respectfully Submitted,

                                       /s/ *Jeff Whitfield*
                                       Jeff Whitfield
                                       State Bar No. 24060825
                                       jeff.whitfield@kellyhart.com
                                       **KELLY HART & HALLMAN LLP**
                                       201 Main Street, Suite 2500
                                       Fort Worth, Texas 76102
                                       Telephone: 817-332-2500
                                       Telecopier: 817-878-9280

                                       **ATTORNEYS FOR DEFENDANT**
                                       **MATRIX WARRANTY SOLUTIONS, INC.**

                          **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2021, the foregoing Defendant Matrix Warranty
Solutions, Inc.'s Motion to Dismiss Plaintiff's Complaint was filed through the Court's
electronic filing system and will be sent electronically to the parties via the Court's electronic
filing system.

                                       /s/ *Jeff Whitfield*
                                       Jeff Whitfield