UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Dallas Dean and Kathy Dean,**<br><br>Plaintiffs<br><br>v.<br><br>**Matrix Warranty Solutions, Inc.,**<br><br>Defendant. | Case No. 4:21-CV-510<br><br>Amended Complaint and Demand for Jury Trial |

## FIRST AMENDED COMPLAINT

**Dallas Dean and Kathy Dean** (Plaintiffs), by and through their attorneys, **Kimmel & Silverman, P.C.**, allege the following against **Matrix Warranty Solutions, Inc.** (Defendant):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and §302.101 of the Texas Business & Commercial Code.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant conducts business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiffs are each a natural person residing in Magnolia, Texas 77355.

6. Plaintiffs are each a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with principal place of business, head office, or otherwise valid mailing address at 3100 McKinnon Street, Suite 420, Dallas, Texas 75201.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiffs have cellular telephone numbers ending in 5265 and 5888.

11. Plaintiff Dallas Dean primarily uses the cellular telephone numbers ending in 5265.

12. Plaintiff Kathy Dean primarily uses the cellular telephone number ending in 5888.

13. Defendant has placed calls to both numbers seeking to sell Plaintiffs an automobile warranty.

14. Defendant first called the cellular telephone ending in 5265 on December 19, 2019 at 5:48pm.

15. During the December 19, 2019 call Mr. Dean spoke with Defendant's representatives Carlos, Andre, and John and reviewed the Matrix Element protection plan as well as proposed payment terms with Plaintiff.

16. Defendant's representative Amy called Plaintiff Dallas Dean again on December 20, 2019 @ 9:08am at the number ending in 5265.

17. During the December 20, 2019 call Amy again reiterated that the plan was the Element plan through Matrix.

18. On December 20, 2019 at 4:26pm, Mr. Dean received another call to the number ending in 5265 from Defendant's representative John regarding the Matrix plan.

19. Thereafter, Defendant placed a call to the number ending in 5888 on May 18, 2020 at 11:25am to discuss the Matrix Element protection plan again with Mr. Dean.

20. Defendant called the number ending in 5265 one more time on May 20, 2020 at 9:56am to discuss the Matrix Element Protection Plan.

21. Defendant did not have Plaintiffs' consent to call them on their cellular telephone numbers on these five occasions.

22. Plaintiffs did not request information from Defendant or any other company regarding an automobile warranty.

23. As Plaintiffs did not want calls of this nature, both the number ending in 5265 and the number ending in 5888 were registered on the Do Not Call Registry.

24. Plaintiffs' telephone number ending in 5265 has been on the Do Not Call Registry since January 2006.

25. Plaintiffs' telephone number ending in 5888 has been on the Do Not Call Registry since June 2003.

26. Despite registering the number ending in 5265 on the Do Not Call Registry, Defendant placed more than one call to Plaintiffs at this number in a twelve month period.

27. Upon information and belief, when contacting Plaintiffs on these occasions, Defendant used a dialing system which had the capacity to store or call phone numbers using a random or sequential number generator.

28. Upon information and belief, Defendant maintains a stored list of 10 digit telephone numbers of consumers in its database for communication purposes.

29. Upon information and belief, Defendant utilize a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially.

30. The dialing system used by Defendant calls phone numbers stored in those databases.

31. Accordingly, Defendant's dialing systems have the capacity to dial numbers using a random or sequential number generator.

32. Upon information and belief, Defendant's dialing systems include equipment which dials from the stored list of 10 digit consumer telephone numbers.

33. Defendant's dialing systems employ computer code and/or algorithms which result in it randomly or sequentially generating numbers in order to select and dial the stored 10-digit consumer telephone number from the list.

34. Furthermore, Defendant's dialing systems use computer code and/or algorithms to determine the orders/sequence of calls to be automatically dialed.

35. The operation of the random/sequential number generator, referred to above results in Defendant's dialing system automatically placing calls to the 10 digit telephone numbers in Defendant's stored list(s).

36. Plaintiffs believe and aver that Defendant called them with an automatic telephone dialing system.  Plaintiffs believe this because Defendant's calls began with a noticeable "bloop" sound prior to a live representative of Defendant coming on the line.

37. While Plaintiffs have not had the benefit of discovery, they intends to prove Defendant utilized an automatic telephone dialing system in the course of discovery.

38. Defendant's telephone calls were not made for "emergency purposes" but rather were to sell him a motor vehicle warranty.

39. Defendant also failed to obtain a registration certification from the Office of Secretary of State prior to engaging in telephone solicitation in Texas.

40. Unless a seller qualifies for an exemption, §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in Texas or to a purchaser located in Texas unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

41. Both Plaintiffs and Defendant are located in Texas.

42. Defendant was contacting Plaintiffs for the purpose of solicitation.

43. Plaintiffs' undersigned counsel confirmed Defendant did not obtain a registration certificate by searching the database maintained by the Secretary of State. See https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp.

44. Plaintiffs found Defendant's repeated calls annoying, frustrating, upsetting, harassing, and an invasion of her privacy.

45. Upon information and belief, Defendants conduct business in a manner which violates the Telephone Consumer Protection Act and Texas Business & Commerce Code.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

46. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

47. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has

the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiffs' cellular telephone numbers using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiffs has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

25. Defendant's calls were not made for "emergency purposes."

26. Defendant's calls to Plaintiffs' cellular telephone without any prior express consent.

27. Defendant contacted Plaintiffs despite the fact that Plaintiffs' telephone numbers were on the Do Not Call Registry.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

31. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

32. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

33. Defendant contacted Plaintiffs despite the fact that Plaintiffs' telephone number ending in 5265 was on the Do Not Call Registry.

34. Defendant called Plaintiffs at the number ending in 5265 on two or more occasions during a single calendar year despite registration on the Do Not Call list.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED § 302.101 OF
## THE TEXAS BUSINESS & COMMERICAL CODE

38. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

39. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless

the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

40. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiffs without obtaining a registration certificate from the Office of the Secretary of State.

41. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiffs, **Dallas Dean and Kathy Dean,** respectfully prays for judgment as follows:

   a. All actual damages Plaintiffs suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

      f.      Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

      g.      Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

      h.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to §302.302(a) of the Texas Business & Commerce Code;

      i.      Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiffs, **Dallas Dean and Kathy Dean,** demand a jury trial in this case.

Respectfully submitted,

Dated: 06/08/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com